# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

SYED U. HUSAINY, )
)
      Plaintiff, )
)
v. ) CAUSE NO.: 4:15-CV-95-JVB-PRC
)
ALLIED COLLECTION SERVICE, INC. )
and MIDLAND FUNDING, LLC, )
)
      Defendants. )

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Defendant Allied Collection Service, Inc.'s Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [DE 41], filed by Plaintiff Syed U. Husainy on December 25, 2015. Defendant Allied Collection Service, Inc. (hereinafter "Defendant Allied") filed a response on January 11, 2016, and Plaintiff filed a reply on January 20, 2016.

"A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294

(7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.").

The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This Court continues to agree with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle v. Falcon Holdings Mgmt., LLC*, Cause No. 2:11-CV-95, 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (J. Cherry) (providing extensive discussion of the issue and citing supporting cases); *see also Bielfeldt v. Bouraazak*, No. 1:15-CV-01419, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016).

Plaintiff asks the Court to strike Affirmative Defense Nos. 1-5. The Court addresses each argument in turn.

### Affirmative Defenses Nos. 1 and 2

Affirmative Defenses Nos. 1 and 2 provide:

1. Plaintiff does not have a private of cause of action under the Fair Credit Reporting Act. Lang v. TCF NAT'L Bank, 338 Fed. App. X 541 (7th Cir. 2009); Nelson v. Chase Manhattan Mortgage. Corp., 282 F.3d, 1057 (9th Cir.); Woods v. Wells Fargo Financial Bank, 753 F.Supp.2d 784 (S.D. Ind. 2010).

2. Since Plaintiff does not have a private cause of action under the Fair Credit Reporting Act, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff requests the Court strike these affirmative defenses, arguing that his standing to bring his FCRA claims are not limited by 15 U.S.C. § 1681s-2(d) because the claims may also fall

under 15 U.S.C. § 1681s-2(b), which permits a private right of action. Plaintiff then argues that he has plausibly stated a claim against Defendant Allied for failing to investigate his dispute under § 1681s-2(b). Defendant Allied responds that the affirmative defenses raise a substantial question of law as to whether Plaintiff has a private cause of action under the FCRA because Plaintiff's Complaint does not identify any specific provision of the FCRA that Defendant Allied is alleged to have violated.

Plaintiff's motion to strike argues the merits of the affirmative defenses, arguments that should be raised in a motion to dismiss, in a motion for judgment on the pleadings, in a motion for summary judgment, or at trial. When a plaintiff moves to strike affirmative defenses and there is a question of fact or substantial question of law, "the court should refrain from acting until some later time when these issues can be more appropriately dealt with." *United States v. Walerko Tool and Eng'g Corp.*, 784 F. Supp. 1385, 1387-88 (N.D. Ind. 1992) (quoting *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991)). Accordingly, the Court denies the motion to strike Affirmative Defenses Nos. 1 and 2.

**Affirmative Defense No. 3**

Affirmative Defense No. 3 provides:

3. Plaintiff is not entitled to declaratory relief under the Fair Debt Collection Practices Act. Weiss v. Regal Collections, 385 F.3d 337 (3rd Cir. 2004); Crawford v. Equifax Payment Servs., Inc., 201 F.3d 877 (7th Cir. 2000); Bolin v. Sears Roebuck & Co., 231 F.3d 970 (5th Cir. 2000); Sibley v. Fulton Dekalb Collections Servs., 677 F.2d 830 (11th Cir. 1982).

Plaintiff argues that Affirmative Defense No. 3 should be stricken because some courts have allowed declaratory relief under the FDCPA, some courts have certified classes based on a request for declaratory relief without considering the availability of declaratory relief under the FDCPA, and

3

declaratory relief is available under the Declaratory Judgment Act. Again, Plaintiff does nothing more than argue the merits of the defense he moves to strike. Because there is a substantial question of law as to the availability of declaratory relief under the FDCPA, the Court declines to strike Affirmative Defense No. 3.

### Affirmative Defense No. 4

Affirmative Defense No. 4 provides:

> 4. Since Plaintiff's written validation request was sent more than 30 days after he received the letter sent by Allied pursuant to 15 U.S.C. § 1692g, Allied was under no obligation to verify the debt. Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197 (9th Cir. 1999); Chauncey v. JDR Recovery Corporation, 118 F.3d 516 (7th Cir. 1997); Jacobson v. Health Care Financial Services, Inc., 516 F.3d 85 (2nd Cir. 2008).

Plaintiff argues that Affirmative Defense No. 4 should be stricken because it fails to allege sufficient facts to put Plaintiff on notice. Specifically, Plaintiff argues that Defendant Allied failed to include the dates that Defendant Allied received Plaintiff's verification request and mailed the notice to Plaintiff. This statutory affirmative defense is more than a "bare bones conclusory allegation" because it offers a statement of fact: Plaintiff did not send a written validation request within 30 days of receiving Defendant Allied's letter. Moreover, Plaintiff's Complaint alleges that Defendant Allied contacted Plaintiff by mail about debt collections and Plaintiff's attorney replied on Plaintiff's behalf. The affirmative defense does not seek to negate Plaintiff's allegations but rather asserts that Defendant Allied was under no obligation to verify the debt because of Plaintiff's alleged delay. The affirmative defense provides Plaintiff with adequate notice as to the grounds upon which it rests. As argued by Defendant Allied, discovery will allow inquiry into the time, date, and nature of Plaintiff's validation request—facts that Plaintiff did not include in the Complaint. Accordingly, the Court denies the motion to strike Affirmative Defense No. 4.

**Affirmative Defense No. 5**

Affirmative Defense No. 5 provides:

5. To the extent any of Plaintiff's claims are based on alleged violations of the Fair Debt Collection Practices Act that have occurred more than one year prior to the filing of the Complaint in this action, said claims are barred by the one year statute of limitations (15 U.S.C. § 1692k).

Plaintiff argues that Affirmative Defense No. 5 should be stricken because the events that gave rise to his claims occurred within one year of the filing of the Complaint and because Defendant Allied "fails to cite how the statute of limitations bars Plaintiff's FDCPA claims." (Pl. Br. 7). Once again, Plaintiff argues the merits of the affirmative defense, which is not a proper basis for a motion to strike that is meant to remove claims that are insufficient, redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). Notably, there are no factual allegations in the Complaint to support Plaintiff's statement in his motion that the events giving rise to the Complaint all occurred within one year of the filing of the Complaint.

Plaintiff further argues that the defense should be stricken because Defendant Allied did not provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (Pl. Br. 7). A statute of limitations defense is specifically required to be asserted as an affirmative defense in an answer under Rule 8(c)(1). Failure to plead the defense can result in the waiver of the defense. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). Defendant Allied provided sufficient, albeit limited, information in raising the affirmative defense to provide Plaintiff with notice of the defense and the grounds upon which it rests. Accordingly, the Court denies Plaintiff's motion to strike Affirmative Defense No. 5.

**CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** the Motion to Strike Defendant Allied Collection Service, Inc.'s Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [DE 41].

SO ORDERED this 22nd day of April, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT