# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

SYED U. HUSAINY,           )
         Plaintiff,      )
                     )
    v.                   )     CAUSE NO.: 4:15-CV-95-JVB-PRC
                     )
ALLIED COLLECTION SERVICE, INC.  )
and MIDLAND FUNDING, LLC,     )
         Defendants.    )

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike [DE 15], filed by Plaintiff Syed U. Husainy on November 19, 2015. Defendant Midland Funding, LLC (hereinafter "Defendant Midland") filed a timely response on December 7, 2015, *see* Fed. R. Civ. P. 6(d), and Plaintiff filed a reply on December 9, 2015.

"A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the

pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.").

The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This Court continues to agree with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle v. Falcon Holdings Mgmt., LLC*, Cause No. 2:11-CV-95, 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (J. Cherry) (providing extensive discussion of the issue and citing supporting cases); *see also Bielfeldt v. Bouraazak*, No. 1:15-CV-01419, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016).

In its response brief, Defendant Midland first argues that the Court should stay ruling on this motion until a decision is issued on the pending Rule 12 motion. In the alternative, it argues that the motion to strike should be denied. Rather than address each affirmative defense individually, Defendant Midland argues that the defenses should not be stricken based "on the merits" without citation to law. It asserts that its defenses are "simple, statutory defenses commonly asserted in cases brought under the FDCPA and FCRA." (Def. Resp. 4). Defendant Midland also reasons that any lack of specificity in its affirmative defenses is the result of the insufficient allegations of Plaintiff's Complaint that do not identify Defendant Midland's wrongful acts, when the acts occurred, or who did them.

The Court declines to stay the ruling on this motion and turns to each of Plaintiff's arguments in turn.

## Affirmative Defense No. 1

Affirmative Defense No. 1 provides: "The Plaintiff's Complaint fails to state a claim against defendant upon which relief can be granted."

Plaintiff argues that Affirmative Defense No. 1 should be stricken because the defense is a "bare bones assertion" that does not comply with Federal Rule of Civil Procedure 8 and does not indicate how Plaintiff's Complaint is lacking. "Failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b)(6), and Federal Rule of Civil Procedure 12(h)(2) provides that the defense may be brought either in a pleading or by motion. In this instance, Defendant Midland has not alleged any facts in support and, thus, the defense is insufficiently pleaded and must be stricken. Accordingly, the Court strikes Affirmative Defense No. 1. However, this ruling does not preclude Defendant Midland from raising the defense by motion, which it has done in the pending Motion for Judgment on the Pleadings. *See* Fed. R. Civ. P. 12(h)(2).

## Affirmative Defense No. 2

Affirmative Defense No. 2 provides: "Consistent with 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

Plaintiff argues that Affirmative Defense No. 2 should be stricken because Defendant Midland did not identify the violation that resulted from a bona fide error and failed to provide sufficient detail to support the bona fide error defense. Plaintiff further argues that Defendant Midland did not identify in its Answer "any actual procedures reasonably employed to prevent the alleged FDCPA violations." (Pl. Br. 4).

However, § 1692k(c) is an affirmative defense that must be pleaded in a defendant's answer. *Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at \*11 (N.D. Ill. Dec. 23, 2002) (citing *Jenkins v. Heintz*, 124 F.3d 824, 835 (7th Cir. 1997); Fed. R. Civ. P. 8(c)). Given the paucity of factual detail provided in the Complaint regarding Defendant Midland's conduct, its failure to provide more detail under the circumstances does not render the defense insufficient. Moreover, Paragraph 65 of the Complaint alleges that the "alleged acts of Defendants were not the result of bona fide error." Plaintiff is on notice that Defendant Midland intends to assert the defense. As the facts of the Complaint are fleshed out through discovery, so too will the corresponding details of the defense. The Court denies the motion to strike Affirmative Defense No. 2.

### Affirmative Defense No. 3

Affirmative Defense No. 3 provides: "Plaintiff's claims are barred by the applicable statute(s) of limitations."

Plaintiff argues that Affirmative Defense No. 3 should be stricken because it is a "bare bones assertion" that lacks a short and plain statement showing Defendant Midland is entitled to relief. Specifically, Plaintiff argues that Defendant Midland failed to cite the applicable statute, its time limits, and how it bars Plaintiff's claims. The Court agrees that Defendant Midland has failed to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and, therefore, grants the motion to strike Affirmative Defense No. 3. *See* Fed. R. Civ. P. 8(a); *see also, e.g., Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at \*7 (N.D. Ill. Feb. 23, 2009) (citing cases striking statute of limitations and laches defenses).

**Affirmative Defense No. 4**

Affirmative Defense No. 4 provides: "Plaintiff's claims are barred to the extent there is a mandatory arbitration clause."

Plaintiff argues Affirmative Defense No. 4 should be stricken because it does not indicate which of Plaintiff's claims are subject to mandatory arbitration and, therefore, does not meet the heightened pleading standard of *Iqbal* and *Twombly*. However, that standard is inapplicable to affirmative defenses. Moreover, Plaintiff is on sufficient notice that Defendant Midland intends to assert the defense, invoking an arbitration clause. A minimal amount of discovery will determine whether there is an applicable arbitration clause, and there is no harm in allowing the defense to stand. *See CDM Media USA, Inc. v. Simms*, No. 14 C 9111, 2015 WL 3484277, at *3 (N.D. Ill. June 1, 2005). Accordingly, the Court denies the motion to strike Affirmative Defense No. 4.

**Affirmative Defense No. 5**

Affirmative Defense No. 5 provides: "Plaintiff's claims fail to the extent any reports concerning Plaintiff were true or substantially true."

Plaintiff argues that Affirmative Defense No. 5 should be stricken because it does not cite the reports that Defendant Midland alleges are true or substantially true and, thus, that the defense fails under the heightened pleading standard of *Iqbal* and *Twombly*. Again, that standard is inapplicable. Moreover, Plaintiff is able to identify the reports because they are the same reports that are the basis for Plaintiff's Complaint, which are presumably of limited number. Plaintiff has adequate notice of the defense and the grounds upon which it rests. Accordingly, the Court denies the motion to strike Affirmative Defense No. 5.

## Affirmative Defense No. 6

Affirmative Defense No. 6 provides: "Plaintiff's claims fail to the extent defendant has at all times followed reasonable procedures to assure appropriate use of credit reports concerning Plaintiff."

Plaintiff argues that Affirmative Defense No. 6 should be stricken because Defendant Midland does not identify what procedures it followed with respect to reporting credit data and how the procedures were followed. As with Affirmative Defense No. 2, Plaintiff will have an opportunity to discovery the specific procedures during the course of discovery just as Defendant Midland will discover the specific acts Plaintiff is complaining of in the Complaint; for now, Plaintiff has sufficient notice of the defense. The Court denies the motion to strike Affirmative Defense No. 6.

## Affirmative Defense No. 7

Affirmative Defense No. 7 provides: "Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t."

Plaintiff argues that Affirmative Defense No. 7 should be stricken because it is a "bare bones assertion" and does not provide a short and plain statement that shows Defendant Midland is entitled to relief.

Both statutes cited identify limitations on liability for claims brought under the FCRA. "[Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; [and] § 1681t(b)(1)(F) preempts more of these claims." *Worley v. Mun. Collections of Am., Inc.*, No. 14 C 2418, 2015 WL 890878, at *5 (N.D. Ill. Feb. 27, 2015) (quoting *Purcell v. Bank of Am.*, 659 F.3d 622, 626 (7th Cir. 2011); *MacPherson v. JPMorgan Chase Bank, N.A.,* 665 F.3d 45, 48 (2d Cir. 2011) ("[T]he operative language in § 1681h(e) provides only that the provision does not preempt

a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption.")).

Plaintiff's Complaint alleges, in relevant part, that Defendant Midland reported alleged debts to one or more major credit bureaus, that inaccurate information was reported, and that Defendant Midland falsely represented an amount owed to it by Plaintiff. Although Plaintiff does not specify any state law claims in the Complaint, a complaint is not required to assert legal theories. To the extent that Plaintiff is alleging or will allege claims that may be barred by § 1681h(e) and § 1681t, which can be determined through discovery, Defendant Midland has put Plaintiff on notice that it will assert a limitation on liability defense as to those claims. The Court denies the motion to strike Affirmative Defense No. 7.

## Affirmative Defense No. 8

Affirmative Defense No. 8 provides:

> Plaintiff's claim for punitive damages fails to the extent this claim violates defendant's rights under the Due Process and Excessive Fines clauses of the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the analogous provisions of the Indiana Constitution.

Plaintiff argues that Affirmative Defense No. 8 should be stricken because there is no factual assertion indicating how Plaintiff's claim for statutory-based punitive damages in this private cause of action violates Defendant Midland's constitutional rights. The Court agrees and grants the motion to strike Affirmative Defense No. 8.

**CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Strike [DE 15]. The Court **STRIKES** without prejudice and with leave to refile Affirmative Defenses Nos. 1, 3, and 8.

SO ORDERED this 22nd day of April, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT