UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SYED HUSAINY,

    Plaintiff,

v.

ALLIED COLLECTION SERVICE, INC.,
MIDLAND FUNDING, LLC,

    Defendants.

Case No. 4:15-CV-95 JVB

**OPINION AND ORDER**

Plaintiff Syed Husainy sued Defendants Midland Funding LLC and Allied Collection Service Inc., alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and Fair Debt Collection Practices Act (FDCA), 15 U.S.C. § 1692 *et seq.*

Midland moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Midland argues Husainy's complaint is "sparse and falls short of pleading a facially plausible claim." Specifically, Midland contends there are no definite assertions linking it to any alleged violations.

**A.    Background**

Husainy's complaint alleges Midland contacted him demanding payment of debts. Husainy's attorney informed Midland the debts were disputed and demanded Midland direct all further correspondence to him. According to Husainy, despite notification, Midland continued

collection attempts, represented a false amount owed, and reported unfair and inaccurate information to credit reporting agencies.

**B.     Standard of Review**

A court will grant a motion for judgment on the pleadings only when "it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and a moving party demonstrates there are no material issues of fact to be resolved." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718–19 (7th Cir. 2002).

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "The facts alleged in the complaint are taken as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it allows the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.*

The complaint must contain only a "short plain statement of the claim showing plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). But, while there is no need for detailed factual allegations, the plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015). The

"factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007).

**C.     Analysis**

In this case, Midland first argues it did not violate the FCRA because under 15 U.S.C. §1681s-2(a) there is no private right of action for wrongful reporting. Husainy insists he is not alleging violations that trigger § 1681s-2(a). Rather, he argues Midland violated its duty to investigate under § 1681s-2(b) and, therefore, is allowed a private right of action.

When a debt collection organization like Midland, receives notice from a credit reporting agency (CRA) that the consumer disputes the accuracy or completeness of information, section 1681s-2 imposes a duty to investigate upon the collection organization. 15 U.S.C. § 1681s-2(b). The duty to investigate is only triggered after the organization receives notice from the CRA that the consumer disputes the information. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 925 (N.D. Ill. 2000).

To survive a motion to dismiss for a section 1681s-2(b) claim, the plaintiff does not need to plead that the CRA notified the furnisher of the dispute. *See Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464, 466–67 (7th Cir. 2007). The complaint only needs to provide "fair notice" to the defendant of what the claims are and show recovery is plausible. *Id.*

Husainy's complaint alleges he disputed the credit information and informed Midland of the dispute. Yet, Midland is asking the Court to hold Husainy's complaint to a higher pleading standard than required under Federal Rule of Civil Procedure 8(a). Midland wants the Court to assess the integrity of the claim opposed to its plausibility. During discovery, it may become

clear whether Husainy can prove his claim. However, for now, the Court can reasonably infer Husainy put Midland on "fair notice" and recovery is plausible.

Next, Midland argues Husainy did not allege a violation of the FDCPA because the sparse complaint did not link Midland to any wrongful conduct. Under 15 U.S.C. § 1692e(2)(A), debt collectors cannot make false representations of the character, amount, or legal status of a debt. Nor may a debt collector report any amount that is not expressly in the agreement or permitted by law. 15 U.S.C. § 1692(f)(1). Husainy's complaint alleges Midland falsely represented an amount owed and unfairly reported the false amount to the' CRA. The Court finds there is sufficient information to put Midland on "fair notice."

**D.     Conclusion**

For these reasons, the Court denies Midland's Rule 12(c) motion for judgment on the pleadings (DE 34).

SO ORDERED on June 23, 2016.

   s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE  
HAMMOND DIVISION